UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONY DESIR, ) | CIVIL ACTION NO. |
| ) | |
| ) | VERIFIED COMPLAINT |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, RONY DESIR, by and through his attorneys NAPOLI SHKOLNIK, PLLC, allege the following, upon information and belief.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§2675 and 2679 and 28 U.S.C. §1346(b).

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1402(b) because a substantial part of the acts or omissions giving rise to the claims occurred in this district.

3. On or about June 23, 2016, Plaintiff filed an administrative claim pursuant to the FTCA with the United States Secret Service in Melville, New York. The claim alleges negligence claims against the United States Secret Service and its employee, John R. Simonello, and seeks monetary damages in the sum of fifty million ($50,000,000.00) dollars.

4. The United States Secret Service is an independent establishment of the executive branch of the Government of the United States.

5. The United States of America is a proper defendant to this action pursuant to 42 USC §1346(b), and 28 USC §2679, and to the extent Plaintiff's claims are asserted against the United States of America, it is for the actions of the United States Secret Service, its employee JOHN R. SIMONELLO, and other employees of the United States of America, who at all relevant times were acting in the scope of employment.

6. Plaintiff filed an administrative claim on June 23, 2016. The United States of America has not replied to the claim within six (6) months of service on the United States of America. The instant federal claims are commenced more than six (6) months after service. Given the agency has not made a final disposition, this claim is timely asserted under 28 USC §2675(a).

## AS AND FOR A FIRST CAUSE OF ACTION

7. At all of the times herein mentioned, Plaintiff RONY DESIR resided at 2012 Walden Court, Bryans Road, Maryland 20616.

8. That on Friday, August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA owned, operated, maintained and controlled the United States Secret Service which was created, organized and existing pursuant to the Constitution of the United States and pursuant to federal laws.

9. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, by and through the United States Secret Service and JOHN R. SIMONELLO, transacted business within the State of New York.

10. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, by and through the United States Secret Service and JOHN R. SIMONELLO, owned a 2006 Ford motor vehicle bearing NY state license plate number FMS8100.

11. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA , through its affiliates, agents, servants, employees and/or assigns owned the aforesaid motor vehicle bearing NY state license plate number FMS8100.

12. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, through its agents, servants, employees and/or assigns, managed the aforesaid motor vehicle bearing NY license plate number FMS8100.

13. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, through its agents, servants, employees and/or assigns, maintained the aforesaid motor vehicle bearing NY license plate number FMS8100.

14. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, through its agents, servants, employees and/or assigns, controlled the aforesaid motor vehicle bearing NY state license plate number FMS8100.

15. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, through its agents, servants, employees and/or assigns, inspected the aforesaid motor vehicle bearing NY state license plate number FMS8100.

16. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, through its agents, servants, employees and/or assigns, supervised the aforesaid motor vehicle bearing NY state license plate number FMS8100.

17. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, through its agents, servants, employees and/or assigns, repaired the aforesaid motor vehicle bearing NY state license plate number FMS8100.

18. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, was and is the lessee of the aforesaid motor vehicle bearing NY state license plate number FMS8100.

19. That on August 29, 2014 and at all times hereinafter mentioned, defendant the UNITED STATES OF AMERICA, was and is the lessor of the aforesaid motor vehicle bearing NY state license plate number FMS8100.

20. That on August 29, 2014, plaintiff RONY DESIR, was lawfully operating a 2008 Toyota motor vehicle, bearing Maryland state license plate number 15520M6 (hereinafter "Motor Vehicle Two"), when the vehicle he was operating was rear-ended by the US Secret Service motor vehicle bearing NY state license plate number FMS8100 (hereinafter "Motor Vehicle One") owned, operated, maintained, managed, controlled, inspected, supervised and repaired by defendant the UNITED STATES OF AMERICA.

21. That on or about August 29, 2014, and at all times hereinafter mentioned, the Northern State Parkway at or near its intersection with Exit 28, in the Town of N. Hempstead, County of Nassau, State of New York was and still is a public thoroughfare (hereinafter the "Accident Location').

22. That on or about August 29, 2014, the above-mentioned vehicles came into violent contact, at the aforesaid location.

23. The aforesaid accident was caused by, and due to, the negligence and carelessness of JOHN R. SIMONELLO as a driver in failing to stop and/or of defendant in the ownership,

operation, maintenance, management, control, supervision, inspection, repair, of the aforesaid Motor Vehicle One.

24. That the above accident was caused solely by and through the negligence of JOHN R. SIMONELLO, and of the defendant herein, without any negligence on the part of the plaintiff contributing thereto.

25. The above mentioned accident and the results thereof were caused by the negligence of the defendant and/or said defendant's servants, agents, employees and/or licensees in the ownership, operation, maintenance, management, control, supervision, inspection and repair of the aforesaid motor vehicle; in failing to exercise proper care, prudence and caution upon approaching another motor vehicle; in failing to take proper heed and cognizance of the driving conditions of the place thereat; in causing and permitting said motor vehicle to come into contact with the rear of the motor vehicle plaintiff was operating; in traveling at an excessive rate of speed under the circumstances and conditions then and there prevailing at or prior to the contact; in failing to keep the motor vehicle at a safe, reasonable and prudent distance from plaintiffs vehicle; in failing to keep said motor vehicle under proper, prudent and adequate control; in failing to see what there was to be seen at the time of, and prior to, the contact; in failing to stop said motor vehicle with reasonable care and diligence; in failing to properly and adequately apply the braking mechanism in an effective and safe manner or in failing to have same in proper working order; in striking plaintiff's vehicle in the rear; in operating said motor vehicle at an excessive rate of speed; in failing to sound the horn or otherwise warn the plaintiff of imminent contact; in negligently accelerating said vehicle; in otherwise being negligent, careless and reckless and ; in operating said motor vehicle in violation of the applicable vehicle and traffic laws, rules, regulations, statutes and ordinances of Nassau County, State of New York; in

operating said motor vehicle in violation of the New York Vehicle & Traffic Law §388 and §1129.

27. JOHN R. SIMONELLO was acting in the scope of his employment for Defendant at the time of the accident.

27. That as a result of the foregoing, the Plaintiff RONY DESIR was injured.

28. That as a result of the foregoing, the Plaintiff RONY DESIR was seriously and permanently injured. Plaintiff RONY DESIR, was caused to sustain and suffer serious personal injuries, in particular complex regional pain syndrome, concussion and acute post-traumatic stress disorder, right ankle joint pain, neck, back and bilateral shoulder pain, severe right leg and ankle pain.

29. By reason of the wrongful, negligent and unlawful actions of the Defendant, as aforesaid, Plaintiff's damages, include, but are not limited to all non-economic losses allowed by law, past and future. Plaintiff RONY DESIR's injuries have caused him in the past and will continue to cause him in the future great pain and discomfort; he became and will continue in the future to be sick, sore, lame and disabled, and has been and upon information and belief, will be, unable to attend to his usual economic, educational and social activities.

30. By reason of the wrongful, negligent and unlawful actions of the Defendant, as aforesaid, the injuries to RONY DESIR have caused in the past and will continue to cause in the future economic damages including without limitation, medical bills, bills for prescriptions and bills for other medical procedures and equipment.

31. By reason of the wrongful, negligent and unlawful actions of the Defendant, as aforesaid, the Plaintiff RONY DESIR sustained serious injuries as defined in §5102(d) of the

Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

32. By reason of the foregoing and the negligence of said Defendant, the Plaintiff RONY DESIR is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries and that he will be caused to suffer pain, suffering, significant limitations and consequential limitations of use of the affected body parts; and disruption of his pre-accident life.

33. By reason of the foregoing, Plaintiff RONY DESIR has been unable to attend his usual occupation and vocation in the manner required. He has suffered past lost wages, and will suffer future loss of wages and/or earning capacity.

34. By reason of the wrongful, negligent and unlawful actions of the Defendant, as aforesaid, Plaintiff RONY DESIR has lost and will lose in the future the ability to perform ordinary tasks for himself and others, and will have to incur expenses to have such tasks performed.

35. By reason of the foregoing, Plaintiff RONY DESIR has been damaged in an amount, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction in this matter.

### AS AND FOR A SECOND CAUSE OF ACTION:
### AS AGAINST DEFENDANT UNITED STATES OF AMERICA: NEGLIGENT HIRING, SUPERVISION AND RETENTION OF JOHN R. SIMONELLO

36. Plaintiff repeats, reiterates and realleges each and every allegation above as if fully set forth at length herein.

37. That Defendant UNITED STATES OF AMERICA hired and retained JOHN R. SIMONELLO without performing sufficient and appropriate investigation into his background as related to his driving record.

38. That Defendant UNITED STATES OF AMERICA hired and retained JOHN R. SIMONELLO without performing sufficient and appropriate investigation into his background as related to his driver's license record.

39. That Defendant UNITED STATES OF AMERICA hired and retained JOHN R. SIMONELLO without performing sufficient and appropriate investigation into his background as related to his propensity for careless driving.

40. That Defendant UNITED STATES OF AMERICA retained JOHN R. SIMONELLO despite knowing or having reason to know of his background as related to his driving record.

41. That Defendant UNITED STATES OF AMERCA retained JOHN R. SIMONELLO despite knowing or having reason to know of his background as related to his driver's license record.

42. That Defendant UNITED STATES OF AMERICA retained JOHN R. SIMONELLO despite knowing or having reason to know of his background as related to his propensity for careless driving.

43. That throughout his employment by Defendant UNITED STATES OF AMERICA and, in particular, at the times alleged herein, JOHN R. SIMONELLO was not sufficiently trained or disciplined with regard to the safe operation of a motor vehicle.

44. That throughout his employment by Defendant UNITED STATES OF AMERICA and, in particular, at the times alleged herein, JOHN R. SIMONELLO was not sufficiently supervised by Defendant UNITED STATES OF AMERICA.

45. That by virtue of the foregoing, JOHN R. SIMONELLO presented an unwarranted and unreasonable danger to the public and to Plaintiff RONY DESIR in particular.

46. That by virtue of the foregoing, Defendant UNITED STATES OF AMERICA is liable to Plaintiff RONY DESIR for the negligent actions of those employees acting in the scope of their employment who were supervising JOHN R. SIMONELLO and all of the personal injuries suffered by Plaintiff RONY DESIR which were resultant therefrom.

47. The actions of Defendant UNITED STATES OF AMERICA constituted negligence, and gross negligence, which warrants the awarding of exemplary damages to punish it for its wrongful conduct, protect the public against similar acts, deter it from a repetition of the same conduct, and serve as an example and warning to others.

WHEREFORE, Plaintiff RONY DESIR, demands judgment against the defendant, together with the interest, costs and attorney fees and disbursements as the Court deems just and proper.

Dated: New York, New York
February 16, 2017

Yours, etc.
NAPOLI SHKOLNIK, PLLC

By: _____
DANA M. WHITFIELD, ESQ.
Attorneys for Plaintiff
360 Lexington Avenue, 11th Floor
New York, New York 10017
Tel.: (212) 397-1000
Our File No.: CTY 043060

# ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                                              ss.:
COUNTY OF NEW YORK  )

DANA M. WHITFIELD, an attorney at law, duly admitted to practice in the United States District Court for the Eastern District of New York, affirms under the penalties; of perjury:

I am an attorney associated with NAPOLI SHKOLNIK, PLLC, attorneys for plaintiff in the above-entitled action.

I have read the foregoing VERIFIED COMPLAINT and know the contents thereof, and upon information and belief, believe the matters alleged therein to be true.

The reason this Verification is made by your affirmant and not by the plaintiff is that the plaintiff herein resides in another county other than the one in which the plaintiffs' attorneys maintain their office.

The source of affirmant's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

Dated:     New York, New York
               February 16, 2017

_____
DANA M. WHITFIELD

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| RONY DESIR, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

SUMMONS AND VERIFIED COMPLAINT

**NAPOLI SHKOLNIK, PLLC**
*Attorneys for*: Plaintiffs
360 Lexington Avenue, 11th Floor
New York, New York 10017
(212) 397-1000

To
Attorney(s) for

Service of a copy of the within _[signature]_ is hereby admitted.
Dated,
_____
ATTORNEY(S) FOR PLAINTIFFS

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
　that the within is a (certified) true copy of an _____ duly entered in the office of the
　clerk of the within named court on _____ 200__.
☐ NOTICE OF SETTLEMENT
　that an order _____ of which the within is a true copy
　will be presented for settlement to the HON. _____ one of the judges of the
　within named Court, at _____ on _____ 200__
　at _____ O'clock ___.M.

Dated, _____

YOURS, ETC.
**NAPOLI SHKOLNIK, PLLC**