

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Jane E. Andersen*
*Assistant United States Attorney*
*Jane.Andersen@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

DIRECT: 301-344-4516
MAIN: 301-344-4433
FAX: 301-344-4516

October 25, 2020

**By ECF**
Honorable Theodore D. Chuang
United States District Judge
United States District Court, District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

                 Re: *Rony Desir v. United States of America*, Civil No.: TDC-17-CV-3465

Dear Judge Chuang:

       Pursuant to Your Honor's case management order (ECF No. 33), the United States submits this letter to request an emergency pre-motion conference. On Friday afternoon, plaintiff's counsel sent an email advising that the testimony of plaintiff's retained orthopedic surgeon, Dr. Ronald Lederman (expected to be presented via a de bene esse deposition conducted on **Wednesday, October 28, 2020**), will include wholly new opinions that have not been previously disclosed. First, the United States seeks permission to file a motion pursuant to Fed. R. Civ. Pro. 37(c)(1) to exclude this newly disclosed opinion because it is without "substantial justification" and not "harmless." Second, the United States seeks permission to move for a protective order to preclude Dr. Lederman's testimony from being presented by de bene esse deposition. A protective order will permit the Court to address defendant's intended Rule 37(c)(1) motion at the pretrial conference, and plaintiff can reschedule Dr. Lederman's trial testimony to be conducted remotely on November 2 or 3, 2020, as he is doing with other witnesses. The parties have not met to discuss whether this issue can been resolved. Defense counsel did request, by email, that plaintiff withdraw his notice of deposition to permit this issue to be resolved at the joint pretrial conference. No response has been received at the time of filing this letter.

       **A. Background**

       In February 2018, plaintiff produced his amended Rule 26(a) disclosures. At this time, plaintiff had not retained an orthopedic surgeon, but instead, indicated plaintiff would be relying on his treating physicians.

       In May 2018, the United States made its Rule 26(a) expert disclosures, which included a written report, dated May 11, 2018, from Dr. Paul Guyton, who is a board-certified orthopedic surgeon with a subspecialty in trauma and reconstruction of the foot and ankle. *See* Exhibit 1 (Guyton Report). Dr. Guyton's report details his conclusion based upon his personal review of the imaging studies relevant to this case. Exhibit 1 at 6. Dr. Guyton then provides his clear and detailed opinion that the "objective elements of the medical record indicate that Mr. Desir had

posttraumatic ankle arthritis, with injury to the anterior talofibular ligament and potential ankle instability that predates all events in this treatment course" and that the "MRI obtained on 10/22/2014 indicates complete absence of any bony edema and no evidence of structural change, beyond that consistent with the previous radiographs of both 06/03/2014 and the chronic changes evidence on the date of injury radiograph of 08/29/2014." *See* Exhibit 1 at 8. Based upon a review of all the medical records and imaging, Dr. Guyton's ultimate conclusion as to causation is that "while the motor vehicle accident of 08/29/2014 may have temporarily and transiently aggravated the symptoms of chronic arthritic change and instability of the ankle, they did not cause further structural damage nor worsen the course of the condition." *See* Exhibit 1 at 8-9.

After receiving Dr. Guyton's report, plaintiff indicated that he wanted to retain his own expert in the field of orthopedics. The parties submitted a joint motion for modification of the scheduling order to provide sufficient time for this. (ECF No. 59). Thereafter, plaintiff retained Dr. Ronald Lederman, who produced a report pursuant to Rule 26(a)(2) dated June 8, 2018. *See* Exhibit 2 (Lederman Report). Dr. Lederman had the benefit of reviewing Dr. Guyton's report prior to providing his opinion in this case, yet Dr. Lederman's report does not mention Dr. Guyton's opinion, nor does he provide his own interpretation or express any disagreement to the radiology reports that are part of Mr. Desir's medical records. Nevertheless, Dr. Lederman's report states, in conclusory fashion, that "Mr. Desir's chronic pain in the right ankle is the direct result of the August 29, 2014 motor vehicle accident." Exhibit 2 at 5. After receiving Dr. Lederman's conclusory report, defendant's counsel took Dr. Lederman's deposition on June 19, 2018. Dr. Lederman did not express any of the newly disclosed "opinions" during his deposition.

Rule 26(a)(2) supplementation of expert disclosures and responses were due over two years ago on June 19, 2018. (ECF No. 62). Trial was initially scheduled to being on December 5, 2019. Upon plaintiff's request, trial was postponed and discovery was reopened for the limited purpose related to plaintiff's 2019 surgery. (ECF Nos. 78, 81). The supplemental discovery period closed on September 1, 2020 and trial is scheduled to being on November 2, 2020. (ECF Nos. 81, 95). At no time has Dr. Lederman provided a supplemental report. Even in the Joint Pretrial Order filed with the Court on October 20, 2020, plaintiff's description of Dr. Lederman's expected testimony contains no reference that he will be opining on imaging studies or that his causation opinion has changed. (ECF 101, at 20).

### B. Plaintiff's October 23, 2020 "Supplemental" Disclosure

On the afternoon of Friday, October 23, 2020, plaintiff's counsel informed the United States that they intended to supplement plaintiff's expert disclosures by providing a new theory to support plaintiff's causation argument. *See* Exhibit 3 (October 23, 2020 email). Specifically, on the eve of trial, plaintiff now wants to have Dr. Lederman testify as to facts and opinions never previously disclosed. *Compare* Exhibits 2 and 3. This late disclosure is extremely prejudicial as it comes a week before trial, and is compounded by the fact that Dr. Lederman's trial testimony had been scheduled to be taken by de bene esse deposition this coming Wednesday, October 28, 2020. Dr. Lederman's new "opinion" is not based upon any newly discovered facts or information. Nor is this new "opinion" in response to any new opinion that has been offered by the defense.

### C. Legal Standard

A purpose of Rule 26(a) "is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Gomez v. Haystax Tech., Inc.,* 761 F. App'x 220, 230 (4th Cir. 2019). Where an expert is retained specifically to provide opinion testimony at trial, that expert is required to prepare a report that "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor" among other requirements. Fed. R. Civ. Pro. 26(a)(2). Where a party fails to do so, Rule 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence … at trial, unless the failure was **substantially justified or is harmless**." Fed. R. Civ. Pro. 37(c)(1)(emphasis added). To determine whether the failure to disclose was "substantially justified" and "harmless," the Fourth Circuit has provided district courts with five factors that may be considered:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003) (affirming exclusion of new expert opinion); *Wilkins v. Montgomery,* 751 F.3d 214, 222 (4th Cir. 2014) (affirming exclusion of late-disclosed expert witness).

Here, plaintiff will be unable to show that his late disclosure was substantially justified. When Dr. Lederman authored his report over two years ago, he had actually reviewed Dr. Guyton's written report and had available to him all the same medical records and radiographs that were available to Dr. Guyton. Plaintiff will also be unable to establish that his late disclosure on the eve of trial is "harmless" to the United States. It is well established that "the ability to simply cross-examine an expert concerning a new opinion at trial is not the ability to cure, . . . [because] the rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and *to develop counter-testimony* through that party's own experts." *Gomez.,* 761 F. App'x at 232-33(emphasis in original); *Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 507 (D. Md. 1997) (holding that when analyzing prejudice to the defendant "the most important consideration…is the amount of time remaining before trial" and that "injecting expert discovery into the final stages of pretrial preparation, or during trial itself, is extremely disruptive as well as expensive."); *see also Cong. Air v. Beech Aircraft Corp.,* 176 F.R.D. 513, 516 (D. Md. 1997) (excluding supplemental opinion testimony).

                                                            Respectfully submitted,

                                                            Robert K. Hur
                                                            United States Attorney

                                                            _/s/_____
                                                            Jane E. Andersen
                                                            Neil R. White
                                                           Assistant United States Attorneys